U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 SEP -7 AM 9: 55

CLERK
BY_____PM_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DEANNA L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:11-cv-174 |
| ) | |
| NATIONAL CONFERENCE OF ) | |
| BAR EXAMINERS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR FURTHER MODIFICATION OF PRELIMINARY INJUNCTION AND CONDITIONAL MOTION FOR A STAY
(Doc. 51)

This matter comes before the court on Defendant's Motion to Modify Preliminary Injunction and Conditional Motion for a Stay (Doc. 51). The court previously granted, with Plaintiff's consent, Defendant's motion to modify the preliminary injunction to allow the use of software other than that designated in the preliminary injunction.

Pending before the court is Defendant's further request that it be allowed to withhold the official report of Plaintiff's score earned on the MPRE exam on August 5, 2011 as she will not "need" this score until she has successfully completed all other requirements for admission to the Vermont bar which Defendant anticipates will occur no sooner than fall of 2012. Defendant proposes that it advise Plaintiff informally of her score so that she can schedule retesting if necessary. If the court determines that a modification of the preliminary judgment in the manner suggested by Defendant is not appropriate, Defendant asks that the court immediately stay that portion of the preliminary injunction that requires Defendant to release the official report as part of its

provision of testing services to Plaintiff[1] while Defendant pursues an interlocutory appeal. Defendant argues that either modification or a stay is warranted to deter other examinees from asking for the same accommodations granted Plaintiff which it characterizes as "giv[ing] the examinee whatever formats and accommodations they ask for unless you can disprove the examinee's subjective statements about what is best for them." (Doc. 51 at 2.) This, in turn, would place testing organizations in a "fundamentally untenable position," *id.*, because they would be forced by the pressures of litigation to grant examinees whatever accommodations they requested.

Plaintiff opposes both Defendant's further motion to modify and to stay, arguing that in essence Defendant seeks permission to treat Plaintiff differently from her non-disabled peers. In addition, Plaintiff argues that Defendant made all the same arguments to the court which, in any event, did not adopt a "whatever the examinee wants" standard in issuing the preliminary injunction.

As Plaintiff correctly points out, a court must examine a request for modification with an eye to determining whether it "effectuates or thwarts the purpose behind the injunction." *See Sierra Club v. U.S. Army Corps of Engineers*, 732 F.2d 253, 257 (2d Cir. 1984). Here, the requested modification would thwart the purpose of the injunction which is to allow Plaintiff the opportunity to take the MPRE on an even playing field with the non-disabled. This will not occur if Defendant is permitted to withhold Plaintiff's score until some uncertain date in the future. Defendant's motion for further modifications to the court's preliminary injunction is therefore DENIED.

With regard to Defendant's request for a conditional stay,

> [t]o determine whether a stay of an order pending appeal is appropriate, a court must evaluate the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[1] Defendant asks the court to make this requirement explicit in the preliminary injunction and then stay it.

*Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999).

    Defendant, as the moving party, bears the burden of demonstrating that a stay is warranted. As Plaintiff correctly points out, Defendant eschews any argument that it is likely to succeed on the merits of the appeal or that a stay is in the interest of the public. As to harm it will suffer in this case if a stay is not granted, Defendant does not claim that recovery of the cost of the accommodations it provided to Plaintiff and nullification of Plaintiff's MPRE score will be insufficient. Instead, it speculates that other examinees will want similar accommodations because of the court's preliminary injunction—harms that will allegedly exist whether or not the official MPRE score is released to Plaintiff. Having failed to establish that a stay is warranted in this case, Defendant's conditional motion must also be DENIED.

SO ORDERED.

    Dated at Rutland, in the District of Vermont, this 7th day of September, 2011.

                                                      Christina Reiss, Chief Judge
                                                      United States District Court